UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RONALD COOK,

        Petitioner,

    -v-                                03-CV-6095(MAT)
                                       **ORDER**

JOHN BURGE, Superintendent of
Auburn Correctional Facility,

        Respondent.

## I. Introduction

*Pro se* petitioner Ronald Cook ("petitioner") has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in Monroe County Supreme Court of three counts of Rape in the First Degree (N.Y. Penal Law ("P.L.") §§ 20.00, 130.35[1]); four counts of Sodomy in the First Degree (P.L. §§ 20.00, 130.50[1]); five counts of Sexual Abuse in the First Degree (P.L. §§ 20.00, 130.65[1]), and one count of Attempted Sodomy in the First Degree (P.L. §§ 20.00, 110.00, 130.50[1]). Following a jury trial before Justice Stephen Sirkin, petitioner's judgment of conviction was entered on December 22, 1998. He was subsequently sentenced to various consecutive and concurrent terms of imprisonment totaling 39 ½ to 79 years.[1]

---

[1] His sentence was administratively recalculated by the New York Department of Corrections Correctional Services to reflect the statutorily authorized limit of 25 to 50 years. See P.L. § 70.30.

## II. Factual Background and Procedural History

Petitioner's convictions stem from an incident that occurred in July of 1998, wherein petitioner and six co-defendants tormented, raped, and sodomized two girls, ages thirteen and sixteen.[2] Part of the attack was videotaped by the perpetrators.

Through counsel, petitioner filed an appellate brief with the Appellate Division, Fourth Department, which unanimously affirmed the judgment of conviction. People v. Cook, 286 A.D.2d 917 (4th Dept.); lv. denied, 97 N.Y2d 680 (2001).

In 2003, petitioner moved to vacate his conviction pursuant to New York Crim. Proc. Law ("C.P.L.") § 440.10, alleging, *inter alia*, that he was denied effective assistance of trial counsel. See Respondent's Appendix ("Appx.") K. That motion was denied by the county court on procedural grounds and on the merits. See Decision and Order, No. 98-0517C, dated 2/10/2004; Appx. M. Leave to appeal that denial was denied by the Fourth Department on May 6, 2004. Appx. P.

Petitioner also sought a writ of error coram nobis[3], which was denied on March 19, 2004. Cook, 5 A.D.3d 1132. Petitioner did not seek leave to appeal that denial.

---

[2] Both victims testified at trial that one of the men had a knife, and that the men poured paint, urine, and hot water on the girls before sexually assaulting them. Trial Tr. 336-40, 451-66.

[3] According to the respondent's answer to the petition, the original coram nobis application cannot be located. See Resp't Answer at 3 (Dkt. #25).

2

On March 3, 2003, petitioner filed his first petition for habeas corpus (Dkt. #3) and thereafter submitted a motion to stay the proceedings to exhaust his remedies in state court (Dkt. # 7). This Court granted petitioner's motion to stay pending petitioner's exhaustion of his ineffective assistance of counsel claims (Dkt. #11).

During the stay in the habeas proceedings, petitioner submitted a second application for writ of error coram nobis, alleging that his appellate counsel was ineffective for failure to raise a meritorious issue on appeal because a conflict of interest existed. Appx. T. The Fourth Department denied the application. People v. Cook, 60 A.D.3d 1438 (4th Dept); lv. denied, 12 N.Y.3d 924 (2009). Petitioner filed a motion to amend his habeas petition (Dkt. #18), which was granted by this Court on October 2, 2009, and the stay of the proceedings was lifted (Dkt. #23).

Petitioner then filed his amended petition (Dkt. #24) on November 4, 2009, which is the operative petition for purposes of this proceeding. Therein, he raises the sole claim that his assigned counsel, who represented petitioner at trial and on direct appeal, was constitutionally ineffective due to a conflict of interest. See Amended Petition ("Am. Pet.") ¶ 12; Pet'r Mem. of Law (Dkt. #26). Petitioner's claim appears to be fully exhausted for purposes of habeas review. For the reasons that follow, I find that

3

petitioner is not entitled to habeas relief, and the petition is dismissed.

**III. Discussion**

    **A.   General Principles Applicable to Federal Habeas Review**

        **1.   AEDPA Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state prisoner only if a claim that was "adjudicated on the merits" in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(2). A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). The phrase, "clearly established Federal law, as determined by the Supreme Court of the United States," limits the law governing a habeas petitioner's claims to the holdings (not *dicta*) of the Supreme Court existing at the time of the relevant state-court decision. Williams, 529 U.S. at 412; accord Sevencan

4

v. Herbert, 342 F.3d 69, 73-74 (2d Cir. 2002), cert. denied, 540 U.S. 1197 (2004).

A state court decision is based on an "unreasonable application" of Supreme Court precedent if it correctly identified the governing legal rule, but applied it in an unreasonable manner to the facts of a particular case. Williams, 529 U.S. at 413; see also id. at 408-10. "[A] federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently." Aparicio v. Artuz, 269 F.3d 78, 94 (2d Cir. 2001). Rather, "[t]he state court's application must reflect some additional increment of incorrectness such that it may be said to be unreasonable." Id. This increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

Under AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct. The [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Parsad v. Greiner, 337 F.3d 175, 181 (2d Cir. 2003) ("The presumption of correctness is particularly important when reviewing the trial court's assessment of witness credibility."), cert. denied sub nom. Parsad v. Fischer, 540 U.S. 1091 (2003). A state

5

court's findings "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

    **B.    Merits of the Petition**

        **1.    Ineffective Assistance of Appellate Counsel; Conflict of Interest**

Petitioner contends that, based on the fact that his trial counsel accepted the assignment by the Fourth Department to represent petitioner on appeal, an actual conflict of interest existed that deprived petitioner of his right to the effective assistance of counsel. Specifically, he argues, because his attorney represented him at trial and on direct appeal, his attorney labored under a conflict of interest, and thus failed to raise a claim of ineffective assistance of trial counsel in his appellate brief. Am. Pet. ¶ 12; Appx. T. In denying petitioner's second application for writ of error coram nobis, the Appellate Division, Fourth Department, rejected this contention on the merits. Cook, 60 A.D.3d at 1438.

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that his attorney's representation was unreasonable under the "prevailing professional norms," and that there is a reasonable probability that, but for his attorney's errors, "the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688

6

(1984). A claim for ineffective assistance of appellate counsel is evaluated upon the same standard as is a claim of ineffective assistance of trial counsel. Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994) (citing Claudio v. Scully, 982 F.2d 798, 803 (2d Cir. 1992)), cert. denied, 508 U.S. 912 (1993). A petitioner alleging ineffective assistance of appellate counsel must prove both that appellate counsel was objectively unreasonable in failing to raise a particular issue on appeal, and that absent counsel's deficient performance, there was a reasonable probability that defendant's appeal would have been successful. Mayo, 13 F.3d at 533-34; Smith v. Robbins, 528 U.S. 259, 285 (2000).

A criminal defendant's Sixth Amendment right to assistance of counsel includes a right to conflict-free representation. Strickland, 466 U.S. at 688 (citing Cuyler v. Sullivan, 446 U.S. 335, 346 (1980)).[4] The Second Circuit has explained,

> Under Strickland, a defendant establishes that her attorney had a potential conflict of interest, in order to prove that the conflict resulted in a violation of her Sixth Amendment right to effective assistance of counsel, she must demonstrate prejudice. However, prejudice is presumed when a defendant establishes that her attorney had an actual conflict of interest that adversely affected the attorney's performance.

---

[4] The Supreme Court in Cuyler held that a defendant is entitled to a presumption of prejudice if he can demonstrate that "an actual conflict of interest adversely affected his lawyer's performance." Id. at 350. While this standard was articulated in Cuyler in the context of multiple representation, the Second Circuit since has held that Cuyler also applies to situations in which the conflict is between "the defendant and his attorney." United States v. White, 174 F.3d 290, 295 (2d Cir. 1999).

7

Winkler v. Keane, 7 F.3d 304, 307 (2d Cir. 1993) (citation omitted) if . An attorney has an actual conflict of interest when, "during the course of the representation, the attorney's and defendant's interest 'diverge with respect to a material factual or legal issue or to a course of action.'" Winkler v. Keane, 7 F.3d at 307 (quoting Cuyler, 446 U.S. at 336 n.3).

This Court has previously rejected claims similar to the one petitioner has raised here, holding that an attorney (or attorneys from the same office) representing a criminal defendant at trial and on direct appeal does not inevitably give rise to a conflict of interest. "It is perfectly acceptable, not to mention common, for a defendant to be represented by the same assigned counsel at trial as well as on appeal." Little v. Senkowski, No. 02-CV-600IP, 2004 WL 1598828 at *5 (W.D.N.Y., July 14, 2004); see also Garfield v. Poole, 421 F.Supp.2d 608, 614 (W.D.N.Y. 2006) ("[Petitioner] appears to be arguing, by implication, that the second attorney should have raised a claim of ineffective assistance of counsel, but was prevented from doing so due to her affiliation with the first attorney by virtue of their employment at the same office. [His] conclusory allegations, without more, are insufficient to create even the appearance of a conflict of interest.") accord, e.g., People v. Stokes, 162 A.D.3d 737 (2nd Dept. 1990); People v. Lynch, 153 A.D.2d 866 (2nd Dept. 1987). Petitioner's argument that

8

an actual conflict existed by virtue of the sole fact that his attorney represented him in both proceedings is unpersuasive. He has not provided any evidence that his and his attorney's interests were divergent with regard to his pursuit of his appellate rights.

Even assuming the existence of a potential conflict and the lack of any meaningful waiver of that conflict, petitioner has failed to establish any prejudice resulting therefrom. See McKinney v. Burge, 9:04-CV-1150 (GTS/DEP), 2009 WL 666396, *40 (N.D.N.Y. Mar 10, 2009) ("Even assuming that the fact appellate counsel previously represented him on an appeal would constitute a potential conflict, it is irrelevant because 'petitioner cannot show that appellate counsel's representation would have been any different regardless of [her] affiliation.'") (quoting Torres v. Strack, No. 96-CV-0846, 1998 WL 59452, at *7 (N.D.N.Y. Feb. 10, 1998)). Thus, even if the Court were to agree with petitioner's assertion that a potential conflict existed, petitioner still fails to establish that he was prejudiced by appellate counsel's omission.

With regard to the underlying claim that petitioner's attorney was deficient at the trial proceedings, the Court notes that petitioner did not express dissatisfaction with his assigned attorney's representation until he filed a post-conviction § 440.10 motion in state court, five years after his conviction and two years following his direct appeal. See, e.g., Garfield, 421

F.Supp.2d at 614. Therein, petitioner alleged that counsel failed to adequately cross-examine the prosecution's expert witness[5], and failed to obtain a desirable result on several pre-trial and trial motions. Petitioner's contentions appear to be rooted in his dissatisfaction with the outcome of his case. The record reflects that petitioner's counsel made the appropriate motions and arguments at the appropriate times. He advanced the best possible defense in light of the heinousness of the crime and the strength of the prosecution's case. See Strickland, 466 U.S. at 688, 694-95. It is worth noting that petitioner was, in fact, acquitted of 7 counts of the 21-count indictment. Counsel zealously advocated for petitioner through sentencing, where he attempted to minimize petitioner's role in the crime, and argued that petitioner's youth and passive nature caused him to become swept up with a bad crowd. See Sentencing Mins. 18. In sum, petitioner has not established a viable claim of ineffective assistance of trial counsel.

Indeed, it is unlikely that appellate counsel would have raised an ineffective assistance of trial counsel claim against himself on direct appeal. See Massaro v. United States, 538 U.S. 500, 502-503 (2003). Nevertheless, petitioner cannot show that failure to raise the ineffective assistance claim on direct appeal was objectively unreasonable and that it was prejudicial to the outcome of his case. As discussed above, petitioner's ineffective

---

[5] The record reflects that the expert was extensively cross-examined at trial by co-defendant's attorneys.

assistance of counsel claim is a tenuous one.  It is well-settled that the failure to make a meritless argument on appeal does not fall outside the wide range of professionally competent assistance to which a criminal defendant is entitled. Aparaicio v. Artuz, 269 F.3d 78, 99 (2d Cir. 2001); see also U.S. v Arena, 180 F.3d 380, 396 (2d Cir. 1999) ("Failure to make a meritless argument does not amount to ineffective assistance.").  In any event, the state court reviewed petitioner's ineffective assistance of trial counsel claim in his § 440.10 motion and rejected it on the merits, and petitioner thus was not prejudiced by its omission from counsel's appellate brief.

Accordingly, I find the Appellate Division's denial of petitioner's ineffective assistance of appellate counsel claim is neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent, and petitioner's claim is dismissed.

**IV. Conclusion**

For the reasons stated above, Ronald Cook's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the action is dismissed.  Because petitioner has failed to make a "substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000).  The Court hereby

11

certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. <u>Coppedge v. United States</u>, 369 U.S. 438 (1962).

**SO ORDERED.**

S/ Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:   April 8, 2010
         Rochester, New York